## CALIFORNIA NATIONAL BANK *v.* THOMAS.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 36. Submitted May 4, 1898. — Decided October 17, 1898.

A judgment of the highest court of a State reversing the judgment of the state court below, upon the ground that the case made out by the findings was a different case from that presented by the pleadings, and that the variance was fatal to the validity of the judgment, and on the further ground that as the defendants in error were sued jointly for a tort, a withdrawal of the action in favor of two of them also operated to release the third, presents no Federal question for the consideration of this court.

THIS was an action sounding in tort, but styled a bill of complaint in equity, for an accounting and settlement of a trust by Richard P. Thomas, Robert R. Thompson and Robert A. Wilson. The action was instituted in the Superior Court of San Francisco by John Chetwood, Junior, for himself and as the representative of all the stockholders of the California National Bank, which bank had failed and was at the time in the hands of a receiver.

The bill alleged that the failure was due to the negligence of Richard P. Thomas, president; Robert R. Thompson, vice

president ; and 'Robert A. Wilson, a director, composing the executive committee of the corporation, who had as such committee contrived together to injure and deceive the said corporation by neglecting to conform to its by-laws ; and as such committee had made worthless loans, whereby the money of the corporation was wasted, misused and lost to the amount of about $200,000.

Among the duties and powers of the committee, as set forth in the by-laws adopted by the bank, were an immediate supervision of all the officers and business of the bank ; auditing all bills for current and other expenses ; discounting and purchasing bills, notes and other evidences of debt ; and reporting to the directors at each regular meeting all bills, notes and other evidences of debt discounted or purchased by them for the bank. It was further provided by the by-laws that the president should have general control and supervision of the bank, and be responsible for its condition to the directors. The vice president was to assist the president in the discharge of his duties.

The bill alleged that "it was the duty of each of said members of the executive committee to exercise, concurrently with his associates on said committee, diligence and fidelity in performing the duties of said committee," but that "they negligently permitted the cashier of said bank to control and manage the whole business of the said bank as he saw fit and without consulting or in anywise informing said defendants," and that by reason of the negligence of said defendants, and the acts and misconduct of the cashier, negligently permitted as aforesaid, the bank suddenly failed on December 15, 1888, owing about $450,000, and the Comptroller of the Currency had placed a receiver in charge of said bank and its affairs, and thereafter levied an assessment of $75,000 upon the stockholders, which sum was all paid except $20,000 assessed against Richard P. Thomas, the president of the bank.

The prayer of the bill was that a decree might be entered holding Richard P. Thomas, Robert R. Thompson and Robert A. Wilson to an accounting of their trust, and that a joint and several money judgment be entered against them for the sum

of $400,000, with legal interest thereon from the time of such loss.

The defendants answered the bill, denying the allegations as to negligence on their part.

Upon the cause being submitted to the court, a judgment was "entered in favor of the plaintiff and against Richard P. Thomas, Robert R. Thompson and Robert A. Wilson," and the case was referred to a master, who found the actual loss of the bank to be $166,919. Before a final judgment was rendered by the court, however, the suit was dismissed by the plaintiff as to Robert R. Thompson and Robert A. Wilson, from whom had been collected the sum of $27,500, thus leaving a net loss to the bank of $139,419, and judgment for this amount was rendered against Richard P. Thomas.

Thereupon, Thomas appealed to the Supreme Court of the State of California, by which court the judgment was reversed, and the case remanded to the trial court, with directions to enter a judgment in favor of the defendant Thomas. 113 California, 414.

The plaintiff thereupon sued out a writ of error to this court, assigning as the principal ground to give this court jurisdiction that the judgment of the Supreme Court of the State was rendered without due or any process of law, and deprived the plaintiff of its property without due process of law, contrary to the Constitution, etc., and Rev. Stat. § 5136, relating to national banks.

The defendant in error in this court moved to dismiss the case for want of jurisdiction.

*Mr. A. H. Ricketts* for the motion.

*Mr. E. G. Knapp, Mr. Robert Rae* and *Mr. John Chetwood, Jr.,* opposing.

Mr. Justice Brown, after stating the case, delivered the opinion of the court.

Unless the plaintiff in error was denied some right under the Constitution or statutes of the United States, "specially

set up and claimed " by it, this writ of error must be dismissed.

The bill of complaint, filed in the Superior Court of San Francisco by a stockholder of the California National Bank, sought to charge three directors of the bank with negligence in the performance of their trust, and particularly in failing to comply with certain by-laws of the bank, by which large amounts of money were lost to the bank, which the bill prayed that the defendants might be decreed to make good and restore. The bank was chartered under the National Banking Act and the by-laws were adopted in pursuance of Revised Statutes, section 5136, which authorizes associations incorporated under the act to define the duties of the president and other officers and to regulate the manner in which its general business shall be conducted. Certain transactions of the directors are also alleged to be infractions of Revised Statutes, section 5200, for which the directors are made liable in section 5239, although no violations of this section are specifically alleged in the bill.

Demurrers were interposed by the several defendants and overruled; when answers were filed denying in general the allegations of the bill. The court subsequently entered judgment against the three directors, but, being unable to determine the proper amount, appointed a referee to take proof of the amount appearing to be due and owing to the bank from certain named individuals. Upon such report having been made, a stipulation was entered into between the plaintiff stockholder and the defendants Thompson and Wilson, whereby the plaintiff renounced and withdrew his action against such defendants, and the court, upon such stipulation, entered a judgment dismissing the action as against them. The court thereupon made a finding of all the facts in the case, among which was one to the effect that there had been collected of the two defendants Thompson and Wilson the sum of $27,500, leaving a net loss to the bank of $139,419, for which judgment was entered against the defendant Thomas. Thomas thereupon appealed to the Supreme Court of the State from the judgment so entered.

That court was of opinion that the complaint, though entitled "a bill in equity for the accounting and settlement of a trust," contained nothing more than a charge *ex delicto* against the directors for a breach and non-performance of their duties. It did not consider it necessary to dispose of the objections to the complaint; but assumed, without deciding, that the complaint was sufficient to state a cause of action in its averments of misconduct. It then proceeded to decide (1) that the complaint was one sounding in tort, and that the defendants were charged as joint tortfeasors; that their negligence was pleaded as their joint neglect to perform duties not individually imposed upon them, but collectively undertaken as members of the executive committee; that in the findings of fact no mention was made of any dereliction of duty on the part of Thompson and Wilson, and that there was an absolute failure by the court to find upon the most material issues of the case — the joint negligence of the three defendants, which alone, it was alleged, had occasioned loss to the bank. "Such," said the court, "is the cause of action pleaded in the complaint. The findings, if it be conceded that they give evidence of a meritorious cause of action against the defendant Thomas, do so because of a showing that he was negligent, not with the other defendants and as member of the executive committee, but that he was individually and separately negligent in the performance of his duties as president. But this is not the cause of action pleaded against him, and it is well settled that, where the case made out by the findings is a different case from that presented by the pleadings, the judgment will be reversed; for the relief decreed must be the relief sought, and a variance, even if it be such as could have been cured by amendment, is fatal to the validity of the judgment." The court further held (2) that, as the defendants in error were sued jointly for a tort, a withdrawal of the action in favor of Thompson and Wilson operated also to release the defendant Thomas. This was in fact the main reason given for its conclusion. The court thereupon ordered the judgment to be reversed, and the cause remanded with directions to enter judgment in favor of the defendant Thomas.

In all this record there was no Federal right specially set up or claimed by the plaintiff in error until after the judgment in the Supreme Court, when a petition for writ of error was filed by the California National Bank, a co-defendant with Thomas in the original action, in which various allegations were made of a denial of Federal rights. But assuming that a Federal question might be extorted from the allegations of the complaint, it is sufficient to say that the case was not disposed of upon the merits of such complaint, which was treated as sufficient, but upon a variance between its allegations and the proofs, and upon the settlement made with the defendants Thompson and Wilson, and the withdrawal of the action against them. These were purely questions under the law of the State, as to which the opinion of the Supreme Court was conclusive. Not only was no suggestion of a Federal question made to the trial court or to the appellate court, but there was nothing to indicate that the judgment rendered could not have been given without deciding a Federal question. Indeed, the opinion shows that the cause was decided, as it might well have been, solely upon grounds not involving such question.

Whether a judgment should be ordered in favor of Thomas for a dismissal of the action against him or simply for a new trial, involved merely a question of the procedure under the law of the State. The court might have been, and probably was, of the opinion that an action would lie upon the separate liability of Thomas, and have reserved for future consideration the question whether the dismissal of this action upon a joint liability would operate as an estoppel against a new action upon his individual liability.

There was no Federal question involved in the disposition of this case, and the writ of error is, therefore,

*Dismissed.*